IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION



FRANCISCO LEDEZMA GRACIA, §
SR., §
 §
Movant, §
 §
VS. § NO. 4:08-CV-278-A
 § (NO. 4:06-CR-009-A)
UNITED STATES OF AMERICA, §
 §
Respondent. §

MEMORANDUM OPINION
and
ORDER

Came on to be considered the motion of Francisco Ledezma Gracia, Sr.[1] under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. Having reviewed movant's motion, the record, and applicable authorities, the court concludes that the motion should be denied.

I.

Background

On January 19, 2006, movant was named in a two-count indictment charging him with: (1) conspiracy to possess with intent to distribute more than 100 kilograms of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1) and (b)(1)(B)(vii); and (2) possession with intent to distribute more than 100

---

[1] The court notes that there may be a discrepancy with respect to movant's name. In his criminal action in this court, Case No. 4:06-CR-009-A, he was identified in the indictment and otherwise as "Francisco Ledezma Gracia, Sr." However, in his motion, he identifies himself as "Francisco Gracia Ledezma." In a previous criminal action in the Western District of Texas, Case No. 2:04-CR-726-WWJ, he was identified as "Francisco Gracia-Ledezma." Any potential misnomer, however, appears to have been harmless, and movant has not raised the issue in his motion.

kilograms of marijuana in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(vii). By order signed August 8, 2006, the court ordered the government to file a status report because of a lack of activity in the case since the indictment was filed. In its report, the government explained that movant was in the custody of the United States Bureau of Prisons, serving a sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326. Such sentence had been imposed by the United States District Court for the Western District of Texas in Case No. 2:04-CR-726-WWJ.

Movant's criminal action in this court proceeded, and on December 1, 2006, defendant pleaded guilty to count 2 of the indictment. Thereafter, count 1 of the indictment was dismissed on motion of the government, and the court sentenced movant to sixty-four months' incarceration, to run consecutively to the sentence he had received in Case No. 2:04-CR-726-WWJ, and to be followed by five years of supervised release. On November 20, 2007, the United States Court of Appeals for the Fifth Circuit affirmed movant's conviction and sentence. Movant filed the instant motion on April 28, 2008.[2]

---

[2] Along with his motion, movant filed a separate motion to proceed in forma pauperis. For purposes of filing fees in the district court, "a motion filed under § 2255 is essentially a continuation of the defendant's criminal case." United States v. Gonzalez, Nos. CR. C-05-424, C.A. 06-249, 2006 WL 2065182, at *2 (S.D.Tex. July 24, 2006) (citing United States v. Cole, 101 F.3d 1076 (5th Cir.1996)). While movant may wish to reurge his motion to proceed in forma pauperis should he choose to pursue an appeal, at this time the motion is moot.

II.

## Grounds of the Motion

Movant alleges that his plea was not voluntary, having been "unlawfully induced" and that he was denied effective assistance of counsel. Mot. at 5.

III.

## Standard of Review

After conviction and exhaustion, or waiver, of any right to appeal, courts are entitled to presume that a defendant stands fairly and finally convicted. United States v. Frady, 456 U.S. 152, 164 (1982); United States v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), cert. denied, 502 U.S. 1076 (1992). A defendant can challenge his conviction or sentence after it is presumed final only on issues of constitutional or jurisdictional magnitude and may not raise an issue for the first time on collateral review without showing both "cause" for his procedural default and "actual prejudice" resulting from the errors. Shaid, 937 F.2d at 232. Section 2255 does not offer recourse to all who suffer trial errors. It is reserved for transgressions of constitutional rights and other narrow injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. United States v. Capua, 656 F.2d 1033, 1037 (5th Cir. Unit A Sept. 1981). Conclusory allegations on critical issue in a § 2255 proceeding are insufficient to raise a constitutional issue. United States v. Woods, 870 F.2d 285, 288 n.3 (5th Cir. 1989).

# IV.

## Analysis

Movant takes the position that he is a United States citizen, so he was wrongfully convicted of illegal reentry after deportation in Case No. 2:04-CR-726-WWJ. Movant argues that he told his court-appointed attorney in Case No. 4:06-CR-009-A that he had been wrongfully convicted and sentenced before, and his attorney told him that such circumstances could amount to good cause for mitigating movant's sentence in Case No. 4:06-CR-009-A.

Both movant and his attorney brought movant's contentions to the attention of the court at sentencing in connection with movant's motion for downward departure. Movant's attorney explained to the court movant's belief that he is a citizen of the United States based on his biological father's citizenship. Movant's attorney noted, "although . . . he has sent several documents to me, [] I have not had any evidence to support that contention, Your Honor. But I think he wants to make sure the Court understands." Tr. of Mar. 23, 2007, Hr'g at 7. The court acknowledged that defendant was making such an argument and ultimately denied the motion for downward departure.

Movant's argument remains unpersuasive. He has not filed anything along with his motion as would corroborate his claim that he is a United States citizen, and he appears to have been unable to provide anything to his attorney as would have convinced his attorney that he actually is a United States citizen. Movant's argument is further weakened by the fact that

he pleaded guilty in Case No. 2:04-CR-726-WWJ to illegal reentry after deportation. Further, in his motion, movant indicates that Case No. 2:04-CR-726-WWJ represented the second time defendant was convicted of illegal reentry after deportation.

In any event, movant's citizenship aside, he has not presented anything in connection with the instant motion as would entitle him to any relief. As the Supreme Court has explained:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in [McMann v. Richardson, 397 U.S. 759 (1970)].

Tollett v. Henderson, 411 U.S. 258, 267 (1973). Movant pleaded guilty, so he may not now complain of alleged deprivations of constitutional rights that preceded his plea, and he has adduced nothing as would cause the court to conclude that any advice he received from his attorney caused his plea in this action to be either involuntary or unintelligent. Likewise, he has adduced nothing as would overcome the strong presumption that his attorney's conduct fell within the wide range of reasonable professional assistance. See Strickland v. Washington, 466 U.S. 668, 687, 689 (1984).

## V.

### Order

For the reasons discussed herein, movant is not entitled to any relief. Therefore,

The court ORDERS that movant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence be, and is hereby, denied.

SIGNED May 29, 2008.

_____
JOHN McBRYDE
United States District Judge